**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NATHAN OLSEN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN BRIAN BAKER,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-CV-1413<br><br>JUDGE J. PHILIP CALABRESE<br><br>MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG<br><br>**<u>REPORT & RECOMMENDATION ON PETITIONER'S MOTION TO STAY AND MOTION TO TAKE JUDICIAL NOTICE</u>** |

## I. INTRODUCTION

Petitioner, Nathan Olsen ("Mr. Olsen"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). Presently before me is Mr. Olsen's motion to stay this proceeding and hold it in abeyance while the Ohio courts adjudicate his state court petition for postconviction relief and state court motion for leave to file a motion for a new trial. (ECF No. 2). Respondent, Warden Brian Baker ("Warden"), does not oppose Mr. Olsen's motion. Also pending before the Court is Mr. Olsen's Motion to take Judicial Notice (ECF No. 3), which the Warden opposes (ECF No. 8.)

For the reasons set forth below, I recommend that the Court GRANT Mr. Olsen's motion to stay this proceeding and hold his petition in abeyance pending final resolution of his state court postconviction petition and motion for leave to file a motion for a new trial. I also recommend that the Court DENY Mr. Olsen's Motion to Take Judicial Notice.

## II. PROCEDURAL HISTORY

On June 22, 2026, Mr. Olsen filed his § 2254 habeas petition. (ECF No. 1.) Mr.

Olsen's petition raises eight grounds for relief. (*Id.*) That same day, Mr. Olsen filed his Motion to Stay (ECF No. 2) and Motion to Take Judicial Notice (ECF No. 3.) On June 22, 2026, the Court referred this matter to me pursuant to Local Rule 72.2 to prepare a report and recommendation on Mr. Olsen's petition. (*See* ECF non-document entry dated June 22, 2026). I entered my Initial Order on June 23, 2026. (ECF No. 6.)

Mr. Olsen asks the Court to stay this proceeding and hold his habeas petition in abeyance until the Ohio courts dispose of the postconviction petition and motion for leave to file a motion for a new trial. (ECF No. 2.) On March 25, 2026, the Warden filed a response stating that he does not oppose Mr. Olsen's motion for a stay. (ECF No. 8). For the following reasons, I recommend that the Court GRANT Mr. Olsen's Motion to Stay.

However, the Warden opposes Mr. Olsen's Motion for Judicial Notice, arguing that timeliness is an affirmative defense that the Warden may – or may not – raise in its return of writ, and the scheduling order provides a readily workable process to litigate that issue. I agree. Accordingly, I recommend that the Court DENY Mr. Olsen's Motion for Judicial Notice.

## III. ANALYSIS

### A. Motion for a Stay

Under the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), state prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus on the merits. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In other words, "the

highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Mr. Olsen filed his habeas petition on June 22, 2026. (ECF No. 1.) On the same day, he made two filings in the state trial court: (1) a motion leave to file a motion for a new trial; and (2) a petition for postconviction relief. (ECF Nos. 1-2, 1-3.) In both state court filings, Mr. Olsen raises many of the claims that he also asserts in his habeas petition, including claims that: (1) the State failed to disclose evidence that the main witness against him had been arrested for a felony in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (2) the State suppressed impeachment evidence in violation of *Giglio v. United States*, 405 U.S. 150 (1972); (3) the State failed to correct testimony it knew to be false in violation of *Napue v. Illinois*, 360 U.S. 264 (1959); (4) the State interfered with Mr. Olsen's right to the effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments; and (5) the prosecution engaged in willful misconduct in violation of his rights under the Sixth and Fourteenth Amendments. *Id*.

Because Mr. Olsen is still pursuing those claims through state court postconviction proceedings, he has not yet exhausted them. His petition is therefore a "mixed" petition that contains both exhausted and unexhausted grounds for relief. *Rhines v. Weber*, 544 U.S. 269, 271 (2005). When faced with a mixed petition, a court must generally dismiss the entire petition without prejudice. *Lundy*, 455 U.S. at 510. In *Rhines*, however, the Court held that a district court may also stay the action for good cause and permit the petitioner to present the unexhausted claim in state court. *Rhines*, 544 U.S. at 277. But "[s]tay and abeyance, if employed too frequently, has the potential to undermine" AEDPA's goals of finality and

streamlining federal habeas proceedings. *Id*. Accordingly, the *Rhines* Court held that stay and abeyance "should be available only in limited circumstances" where: (1) the petitioner has good cause for the failure to exhaust; (2) the petitioner's claims are not "plainly meritless"; and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id*. at 277-78.

With respect to the first factor, Mr. Olsen argues that he has demonstrated good cause for his failure to exhaust because he is in prison, had to obtain counsel, and counsel needed time to identify the issues that are the subject of the post-conviction process and to obtain evidence in support of his claims. Moreover, given that AEDPA's one-year statute of limitations arguably is about to expire, Mr. Olsen has good cause to file a "protective" habeas petition to avoid a statute of limitations bar while his state court postconviction filings are being litigated. As the Supreme Court held in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), a state court prisoner may avoid potential statute of limitations problems by "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Id*. at 416. The Court also stated that a petitioner's "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id*. Notably, the Warden acknowledges that Mr. Olsen's petition "appears to be the sort of 'protective' petition" that *Pace* envisions, and he therefore does not oppose Mr. Olsen's motion. (ECF No. 8, PageID # 107). Accordingly, this factor weighs in favor of a stay.

With respect to the second factor, Mr. Olsen argues that his federal constitutional rights were violated when: (1) "the State failed to disclose the criminal history of the State's main witness", and "in fact represented that the main witness had no criminal history"; (2)

"the State failed to disclose that the State's main witness had been given something in exchange for his testimony"; (3) "the prosecuting attorney failed to correct testimony known to be false"; and (4) "defense counsel also asked for a continuance that was not granted, but warranted, and that, along with the eleventh-hour disclosure of material discovery interfered with counsel assistance." At this stage, it is not clear that Mr. Olsen's claims are plainly meritless, and this factor therefore weighs in favor of granting a stay.

The final factor is whether the petitioner has engaged in abusive litigation tactics or intentional delay. There is no suggestion that Mr. Olsen has done so here. Notably, the Warden does not oppose Mr. Olsen's motion for a stay. Accordingly, this factor weighs in favor of a stay.

Because all three factors weigh in favor of a stay, I recommend that the Court grant Mr. Olsen's motion to stay these proceedings and hold his petition in abeyance until the state courts' final resolution of his postconviction petition and motion for leave to file a motion for a new trial. I further recommend that the Court condition the stay on Mr. Olsen filing a motion to reinstate or dismiss within 30 days of the state courts' final resolution of his postconviction filings. In the event that the Court reinstates the case upon Mr. Olsen's motion, I will issue a supplemental order requiring the Warden to respond to Mr. Olsen's petition.

**B. <u>Motion for Judicial Notice</u>**

Mr. Olsen also asks the Court to take judicial notice that, under AEDPA's one-year statute of limitations, he had until June 30, 2026 to file his petition. In other words, he requests that the Court take judicial notice that his petition is timely. As the Warden correctly responds, AEDPA's statute of limitations is an affirmative defense. *Day v. McDonough*, 547 U.S. 198, 208-09 (2006). If the Warden ultimately raises a statute of limitations defense, Mr. Olsen may respond to that argument at that time and may demonstrate why the petition is timely. Mr.

Olsen's request that the Court resolve the timeliness issue through a motion for judicial notice is not well-taken. Accordingly, I recommend that the Court deny Mr. Olsen's motion for judicial notice.

## IV. RECOMMENDATION

For the foregoing reasons, I recommend that the Court GRANT Mr. Olsen's Motion to Stay (ECF No. 2) and hold this proceeding in abeyance pending final resolution of his state court postconviction petition and motion for leave to file a motion for a new trial. I also recommend that the Court order Mr. Olsen to file a motion to lift the stay within 30 days of the state courts' final resolution of his postconviction filings. Finally, I recommend that the Court DENY Mr. Olsen's Motion for Judicial Notice (ECF No. 3.)

Dated: August 26, 2026

*/s/ Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may

> consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).